**Aroldo REYES–DIAZ;
et al., Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70986.

United States Court of Appeals,
Ninth Circuit.

Submitted: Oct. 14, 2004.*

Decided: Oct. 25, 2004.

Jonathan M. Kaufman, Esq., Law Offices of Alan M. Kaufman, San Francisco, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Marion E. Guyton, Attorney, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Aroldo Reyes–Diaz, his wife, Nora Patricia Alarcon–Mansilla, and their son, Raul Aroldo Reyes, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), see Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Petitioners contend that the Guatemalan army's threat to murder Reyes–Diaz constitutes persecution on account of political opinion. We disagree. There is no evidence in the record that supports, much less compels, the conclusion that Reyes–Diaz holds a political opinion or that his persecutors have attributed a political opinion to him. See INS v. Elias–Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Rather, Reyes–Diaz acknowledges that the army seeks revenge against him because of his accidental killing of two Guatemalan soldiers. Accordingly, substantial evidence supports the IJ's conclusion that petitioners have failed to establish that Reyes–Diaz was persecuted on account of his actual or imputed political opinion. See id.; Sangha v. INS, 103 F.3d 1482, 1490–91 (9th Cir.1997).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of deportation. See Alvarez–Santos v. INS, 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to Elian v. Ashcroft, 370 F.3d 897, 901 (9th Cir.2004), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.